C. W. BARKLEY ET AL. V. WINFIELD S. LEITER.

FILED SEPTEMBER 16, 1896.    No. 6761.

Replevin: EVIDENCE: DIRECTING VERDICT. In a replevin action, the plaintiff without question having shown that he was in the undisputed possession of the replevied goods under claim of ownership, it devolved upon the adverse parties, if they would justify under a distress warrant, to introduce competent evidence of its existence, and there being an entire failure in this respect, the district court properly instructed the jury to find for the plaintiff.

ERROR from the district court of Seward county. Tried below before BATES, J.

*C. E. Holland,* for plaintiffs in error.

*Norval Bros.* and *George W. Lowley, contra.*

RYAN, C.

The defendant in error was licensed to carry on his business in the city of Seward as an auctioneer for the period of one year, commencing with February 13, 1892. Within ten days after the issue of the above license certain merchandise which the defendant in error had in his possession was taken from him, and this he replevied from the plaintiffs in error.   We learn from the oral testimony that G. W. Fuller was at that time mayor of the city of Seward, and that C. W. Barkley was its treasurer, William Allen was its marshal, and C. E. Holland its attorney, and were therefore made defendants in the district court of Seward county.   The evidence very strongly tended to show that the merchandise seized

Barkley v. Leiter.

was owned by the defendant in error. Without question it was in his possession. It is urged in argument that these goods were owned by a Mr. Liberman, who ought to have paid for the privilege of auctioneering them, advertised, as the sales were, by the ringing of bells. An ordinance of the city of Seward introduced in evidence required such payment to be made, and plaintiffs in error insist that the claim that Leiter was the owner of the goods was a mere pretext and that Leiter was using his license as an auctioneer merely to protect Liberman from the payment of the special tax above indicated, which applied to transient vendors of goods. As has already been stated, Leiter made strong proof of his ownership of the merchandise. His possession is not questioned. It devolved upon the adverse parties to show that this possession was interrupted by virtue of a superior right of some kind. It seems their authority in this respect was claimed to be a distress warrant, but, unfortunately, neither the distress warrant nor the marshal's return thereon was offered in evidence. Mr. Holland, it is true, testified that the warrant was lost, but there was no effort to supply secondary evidence of its contents. Whether or not this alleged warrant was properly issued we are without the means of determining, for we have no competent proof that it ever existed. As the plaintiffs in error failed to justify their disturbance of the admitted possession of the defendant in error, the district court very properly instructed the jury to find as it did, and the judgment rendered upon the verdict is

AFFIRMED.

NORVAL, J., not sitting.